FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2012 JUL 30 PM 3:12

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

CASE NO.

3:12-CV-864-J-34mcR

NEDRA WILLIAMS,

    Plaintiff,

v.

DYNAMIC RECOVERY SOLUTIONS, LLC,

    Defendant.

_____/

## PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72. (hereafter the "FCCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and where Defendant transacts business in this district.

### PARTIES

4. Plaintiff, Nedra Williams ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Duval, and City of Jacksonville.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Dynamic Recovery Solutions, LLC ("Defendant"), is a limited liability company who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) as well as the FCCPA.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with the collection of an alleged debt in default, Defendant's agent and/or employee "Mr. Fuller" placed a call to Plaintiff's cellular telephone on May 7, 2012 at 4:21 P.M., and at such time, left the following voicemail message:

> "Yes this is Mr. Fuller. We have this as a contact number regarding a matter in our office. If you would please contact this office as soon as possible; it's extremely important. Our number here is 888-362-2684. Again, number here is 888-362-2684. It's very important that we receive a call today. Do appreciate your cooperation."

12. In its May 7, 2012 voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

13. In its May 7, 2012 voicemail message, Defendant failed to disclose its true corporate or business name in a telephone call to Plaintiff.

14. In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name in its May 7, 2012 voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiff.

15. In its May 7, 2012 voicemail message, Defendant conveyed a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector.

16. The May 7, 2012 voicemail message was Defendant's initial communication with Plaintiff.

17. In its May 7, 2012 voicemail message, Defendant failed to disclose that it is a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

18. Plaintiff returned Defendant's call on May 7, 2012 at 5:23 P.M., and during the conversation, Defendant's agent and/or employee told Plaintiff substantially as follows: "We are handling a breach of contract for an installment for Bank of Delaware for Think Cash."

19. In response, during the May 7, 2012 conversation, Plaintiff stated that she has never received anything from Defendant, and asked Defendant to send original paperwork.

20. Defendant's agent and/or employee responded substantially as follows: "No, I'm not. We've already sent two."

21. At no time did Defendant's agent and/or employee verify whether Defendant had Plaintiff's proper address.

22. Despite Plaintiff's requests for Defendant to send Plaintiff something in writing regarding the debt, Plaintiff has never received any written communication from Defendant.

23. Defendant failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692g, either in its initial communication with Plaintiff on May 7, 2012, or in writing within five (5) days thereafter.

24. During the May 7, 2012 conversation, Defendant's agent and/or employee further stated substantially as follows: "I am trying to give you a chance to make payment arrangements before your wages are garnished or a lien placed on your car or personal property, or lien placed on your taxes because Florida is a garnishment state."

25. Upon information and good-faith belief, Defendant has not filed a lawsuit against Plaintiff or otherwise initiated legal proceedings such that Defendant could legally take the actions it threatened in the May 7, 2012 conversation.

26. In connection with the collection of an alleged debt in default, Defendant's agent and/or employee "Mr. Shall" placed a call to Plaintiff's cellular telephone on May 22, 2012 at 11:05 A.M., and at such time, left the following voicemail message:

> "Yes this is Mr. Shall. We have this as a contact number regarding a matter in our office. If you would please contact this number as soon as possible. It is extremely important. Our number here is 888-362-2684. Again our number is 888-362-2684. It is very important that we receive a return call as soon as possible. I appreciate your cooperation."

27. In its May 22, 2012 voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

28. In its May 22, 2012 voicemail message, Defendant failed to disclose its true corporate or business name in a telephone call to Plaintiff.

29. In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name in its May 22, 2012 voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiff.

30. In its May 22, 2012 voicemail message, Defendant conveyed a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector.

31. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

32. Plaintiff repeats and re-alleges each and every allegation contained above.

33. Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)

34. Plaintiff repeats and re-alleges each and every allegation contained above.

35. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt, including by implying that legal action had been initiated against Plaintiff to collect the alleged debt, or that Defendant was entitled to garnish Plaintiff's wages.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT III
### VIOLATION OF 15 U.S.C. § 1692e(3)

36. Plaintiff repeats and re-alleges each and every allegation contained above.

37. Defendant violated 15 U.S.C. § 1692e(3) by falsely representing the level of attorney involvement in the collections process, including by implying that legal action had been initiated against Plaintiff to collect the alleged debt, or that Defendant was entitled to garnish Plaintiff's wages.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(5)

38. Plaintiff repeats and re-alleges each and every allegation contained above.

39. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including, but not limited to: threatening to garnish Plaintiff's wages and encumber Plaintiff's property when upon information and good-faith belief, Defendant has not obtained a judgment against Plaintiff or otherwise initiated legal proceedings against Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(10)

40. Plaintiff repeats and re-alleges each and every allegation contained above.

41. Defendant violated 15 U.S.C. § 1692e(10) using false representations and deceptive practices in connection with collection of an alleged debt, including, but not limited to: conveying a false sense of urgency in telephone calls to Plaintiff for the purpose of compelling *Plaintiff* to communicate with a debt collector; misrepresenting the level of attorney involvement in the collections process; and misrepresenting that legal action had been initiated or taken against Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692e(11)

42. Plaintiff repeats and re-alleges each and every allegation contained above.

43. Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose in its initial communication with Plaintiff that Defendant is a debt collector attempting to collect a debt and that any information obtained will be used for that purpose.

44. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each subsequent communication that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT VII
### VIOLATION OF 15 U.S.C. § 1692g(a)

45. Plaintiff repeats and re-alleges each and every allegation contained above.

46. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATIONS OF THE SECTION 559.72(9) OF THE FCCPA

47. Plaintiff repeats and re-alleges each and every allegation contained above.

48. Defendant violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist, including by implying that legal action had been initiated against Plaintiff to collect the alleged debt, or that Defendant was entitled to garnish Plaintiff's wages and encumber Plaintiff's property when upon information and good-faith belief, Defendant has not obtained a judgment against Plaintiff or otherwise initiated legal proceedings against Plaintiff.

49. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, Nedra Williams, by and through her attorneys, respectfully prays for judgment as follows:

    a) All actual compensatory damages suffered;

    b) Emotional and/or mental anguish damages;

    c) Statutory damages of $1,000.00;

    d) Plaintiff's attorneys' fees and costs;

    e) Any other relief deemed appropriate by this Honorable Court.

## COUNT IX
## VIOLATIONS OF THE SECTION 559.72(12) OF THE FCCPA

50. Plaintiff repeats and re-alleges each and every allegation contained above.

51. Defendant violated Fla. Stat. § 559.72(12) by orally communicating with Plaintiff in a manner that gives the false impression or appearance that such person is or is associated with an attorney, including by implying that legal action had been initiated against Plaintiff to collect the alleged debt, or that Defendant was entitled to garnish Plaintiff's wages.

52. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, Nedra Williams, by and through her attorneys, respectfully prays for judgment as follows:

a) All actual compensatory damages suffered;

b) Emotional and/or mental anguish damages;

c) Statutory damages of $1,000.00;

d) Plaintiff's attorneys' fees and costs;

e) Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

53. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 7-25 day of July, 2012.

NEDRA WILLIAMS

By: /s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF FLORIDA            )
                            ) ss
COUNTY OF _____  )

I, Nedra Williams, having first been duly sworn and upon oath, deposes and says as *follows*:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Date: 7-20-12

_____
Nedra Williams

SWORN TO AND SUBSCRIBED BEFORE ME,
This 20 day of July, 2012

_____
NOTARY PUBLIC
Print name: ROSEANN WEAVER
Bar/Notary No.: DD 877553
My commission expires: April 6, 2013

ROSEANN WEAVER
Notary Public - State of Florida
My Comm. Expires Apr 6, 2013
Commission # DD 877553
Bonded Through National Notary Assn.

- 13 -