UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:12-cv-864-J-34MCR

NEDRA WILLIAMS,

    Plaintiff,

v.

DYNAMIC RECOVERY SOLUTIONS, LLC,

    Defendant.
_____/

## PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1. This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

### PARTIES

4. Plaintiff, Nedra Williams ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Duval, and City of Jacksonville.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), as well as the FCCPA.

6. Defendant, Dynamic Recovery Solutions, LLC ("Defendant"), is a limited liability company that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) as well as the FCCPA.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well as the FCCPA.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with the collection of an alleged debt in default, Defendant's agent and/or employee "Mr. Fuller" placed a call to Plaintiff's cellular telephone on May 7, 2012 at 4:21 P.M., and at such time, left the following voicemail message:

> "Yes this is Mr. Fuller.  We have this as a contact number regarding a matter in our office.  If you would please contact this office as soon as possible; it's

extremely important.  Our number here is 888-362-2684.  Again, number here is 888-362-2684.  It's very important that we receive a call today.  Do appreciate your cooperation."

12. In its May 7, 2012 voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

13. In its May 7, 2012 voicemail message, Defendant failed to disclose its true corporate and/or business name in a telephone call to Plaintiff.

14. In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate and/or business name in its May 7, 2012 voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiff.

15. In its May 7, 2012 voicemail message, Defendant conveyed a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector.

16. The May 7, 2012 voicemail message was Defendant's initial communication with Plaintiff.

17. In its May 7, 2012 voicemail message, Defendant failed to disclose that it was a debt collector attempting to collect a debt and any information obtained would be used for that purpose.

18. Plaintiff returned Defendant's call on May 7, 2012 at 5:23 P.M., and during the conversation, Defendant's agent and/or employee told Plaintiff substantially as follows: "We are handling a breach of contract for an installment for Bank of Delaware for Think Cash."

19. During the May 7, 2012 conversation, Plaintiff stated that she has never received anything from Defendant, and asked Defendant to send paperwork regarding the debt.

20. Defendant's agent and/or employee responded substantially as follows: "No, I'm not.  We've already sent two."

21. At no time did Defendant's agent and/or employee verify whether Defendant had Plaintiff's proper address.

22. In fact, Plaintiff has never received any written communication from Defendant.

23. Defendant failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692g, either in its initial communication with Plaintiff on May 7, 2012, or in writing within five (5) days thereafter.

24. During the May 7, 2012 conversation, Defendant's agent and/or employee further stated substantially as follows: "I am trying to give you a chance to make payment arrangements before your wages are garnished or a lien placed on your car or personal property, or lien placed on your taxes because Florida is a garnishment state."

25. Upon information and good-faith belief, Defendant has not, as of the date of the filing of the instant complaint, filed a lawsuit against Plaintiff or otherwise initiated legal proceedings against Plaintiff regarding the alleged debt.

26. Therefore, Defendant threatened actions in its May 7, 2012 communication with Plaintiff that Defendant could not legally take or did not intend to take at the time the threats were made, including but not limited to garnishing Plaintiff's wages and the placement of liens against Plaintiff's property.

27. In connection with the collection of an alleged debt in default, Defendant's agent and/or employee "Mr. Shall" placed a call to Plaintiff's cellular telephone on May 22, 2012 at 11:05 A.M., and at such time, left the following voicemail message:

> "Yes this is Mr. Shall. We have this as a contact number regarding a matter in our office. If you would please contact this number as soon as possible. It is extremely important. Our number here is 888-362-2684. Again our number is 888-362-2684. It is very important that we receive a return call as soon as possible. I appreciate your cooperation."

28. In its May 22, 2012 voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

29. In its May 22, 2012 voicemail message, Defendant failed to disclose its true corporate and/or business name in a telephone call to Plaintiff.

30. In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate and/or business name in its May 22, 2012 voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiff.

31. In its May 22, 2012 voicemail message, Defendant conveyed a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

32. In connection with the collection of an alleged debt in default, Defendant's agent and/or employee "Mr. Fuller" placed a call to Plaintiff's cellular telephone on May 7, 2012 at 4:21 P.M., and at such time, left the following voicemail message:

> "Yes this is Mr. Fuller. We have this as a contact number regarding a matter in our office. If you would please contact this office as soon as possible; it's extremely important. Our number here is 888-362-2684. Again, number here is 888-362-2684. It's very important that we receive a call today. Do appreciate your cooperation."

33. In its May 7, 2012 voicemail message, Defendant failed to disclose its true corporate and/or business name in a communication with Plaintiff.

34. In failing to disclose its true corporate and/or business name in its May 7, 2012 voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiff.

35. In connection with the collection of an alleged debt in default, Defendant's agent and/or employee "Mr. Shall" placed a call to Plaintiff's cellular telephone on May 22, 2012 at 11:05 A.M., and at such time, left the following voicemail message:

"Yes this is Mr. Shall. We have this as a contact number regarding a matter in our office. If you would please contact this number as soon as possible. It is extremely important. Our number here is 888-362-2684. Again our number is 888-362-2684. It is very important that we receive a return call as soon as possible. I appreciate your cooperation."

36. In its May 22, 2012 voicemail message, Defendant failed to disclose its true corporate and/or business name in a telephone call to Plaintiff.

37. In failing to disclose its true corporate and/or business name in its May 22, 2012 voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiff.

38. Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

39. In response to Defendant's May 7, 2012 voice message, Plaintiff returned Defendant's call on May 7, 2012 at 5:23 P.M., and during the conversation, Defendant's agent and/or employee told Plaintiff substantially as follows: "We are handling a breach of contract for an installment for Bank of Delaware for Think Cash."

40. During the May 7, 2012 conversation, Defendant's agent and/or employee further stated substantially as follows: "I am trying to give you a chance to make payment arrangements before your wages are garnished or a lien placed on your car or personal property, or lien placed on your taxes because Florida is a garnishment state."

41. Upon information and good-faith belief, Defendant has not, as of the date of the filing of the instant complaint, filed a lawsuit against Plaintiff or otherwise initiated legal proceedings against Plaintiff regarding the alleged debt.

42. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt, including by implying that legal action had been initiated against Plaintiff to collect the alleged debt, or that Defendant was entitled to garnish Plaintiff's wages.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692e(3)**

43. In response to Defendant's May 7, 2012 voice message, Plaintiff returned Defendant's call on May 7, 2012 at 5:23 P.M., and during the conversation, Defendant's agent and/or employee told Plaintiff substantially as follows: "We are handling a breach of contract for an installment for Bank of Delaware for Think Cash."

44. During the May 7, 2012 conversation, Defendant's agent and/or employee further stated substantially as follows: "I am trying to give you a chance to make payment arrangements before your wages are garnished or a lien placed on your car or personal property, or lien placed on your taxes because Florida is a garnishment state."

45. Upon information and good-faith belief, Defendant had not filed a lawsuit against Plaintiff or otherwise initiated legal proceedings against Plaintiff regarding the alleged debt at the time the above-described statements were made.

46. The actions threatened are distinctly legal in nature, such that would require the meaningful involvement of an attorney to consider or undertake.

47. By making the statements described above, Defendant misrepresented that an attorney had reviewed Plaintiff's file and made a legal judgment or decision on a planned course of action, and otherwise misrepresented the level of attorney involvement in the collections process.

48. Defendant violated 15 U.S.C. § 1692e(3) by falsely representing the level of attorney involvement in the collections process, including by implying that legal action had been initiated against Plaintiff to collect the alleged debt, and that Defendant was entitled to garnish Plaintiff's wages.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(5)

49. In response to Defendant's May 7, 2012 voice message, Plaintiff returned Defendant's call on May 7, 2012 at 5:23 P.M., and during the conversation, Defendant's agent and/or employee told Plaintiff substantially as follows: "We are handling a breach of contract for an installment for Bank of Delaware for Think Cash."

50. During the May 7, 2012 conversation, Defendant's agent and/or employee further stated substantially as follows: "I am trying to give you a chance to make payment arrangements before your wages are garnished or a lien placed on your car or personal property, or lien placed on your taxes because Florida is a garnishment state."

51. Upon information and good-faith belief, Defendant had not obtained a judgment against Plaintiff or otherwise initiated, or planned to initiate, legal proceedings against Plaintiff at the time it made the above-mentioned statements.

52. Upon information and good-faith belief, Defendant has not, as of the date of the filing of the instant complaint, filed a lawsuit against Plaintiff or otherwise initiated legal proceedings against Plaintiff regarding the alleged debt.

53. Therefore, Defendant threatened actions in its May 7, 2012 communication with Plaintiff that Defendant could not legally take or did not intend to take at the time the threats were made, including but not limited to garnishing Plaintiff's wages and the placement of liens against Plaintiff's property.

54. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including, but not limited to: threatening to garnish Plaintiff's wages and place liens against Plaintiff's property.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT V
### VIOLATION OF 15 U.S.C. § 1692e(10)

55. In connection with the collection of an alleged debt in default, Defendant's agent and/or employee "Mr. Fuller" placed a call to Plaintiff's cellular telephone on May 7, 2012 at 4:21 P.M., and at such time, left the following voicemail message:

> Yes this is Mr. Fuller. We have this as a contact number regarding a matter in our office. If you would please contact this office as soon as possible; it's extremely important. Our number here is 888-362-2684.

>Again, number here is 888-362-2684. It's very important that we receive a call today. Do appreciate your cooperation.

56. In its May 7, 2012 voicemail message, Defendant conveyed a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector.

57. Plaintiff returned Defendant's call on May 7, 2012 at 5:23 P.M., and during the conversation, Defendant's agent and/or employee told Plaintiff substantially as follows: "We are handling a breach of contract for an installment for Bank of Delaware for Think Cash."

58. During the May 7, 2012 conversation, Defendant's agent and/or employee further stated substantially as follows: "I am trying to give you a chance to make payment arrangements before your wages are garnished or a lien placed on your car or personal property, or lien placed on your taxes because Florida is a garnishment state."

59. Upon information and good-faith belief, Defendant has not filed a lawsuit against Plaintiff or otherwise initiated legal proceedings against Plaintiff.

60. In connection with the collection of an alleged debt in default, Defendant's agent and/or employee "Mr. Shall" placed a call to Plaintiff's cellular telephone on May 22, 2012 at 11:05 A.M., and at such time, left the following voicemail message:

>Yes this is Mr. Shall. We have this as a contact number regarding a matter in our office. If you would please contact this number as soon as possible. It is extremely important. Our number here is 888-362-2684. Again our number is 888-362-2684. It is very important that we receive a return call as soon as possible. I appreciate your cooperation.

61. In its May 22, 2012 voicemail message, Defendant conveyed a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector.

62. Defendant violated 15 U.S.C. § 1692e(10) using false representations and deceptive practices in connection with collection of an alleged debt, including, but not limited to: conveying a false sense of urgency in telephone calls to Plaintiff for the purpose of compelling

Plaintiff to communicate with a debt collector, misrepresenting the level of attorney involvement in the collections process, making false threats for the purpose of coaxing Plaintiff into paying the alleged debt, and misrepresenting that legal action had been initiated or taken against Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT VI
### VIOLATION OF 15 U.S.C. § 1692e(11)

63. In connection with the collection of an alleged debt in default, Defendant's agent and/or employee "Mr. Fuller" placed a call to Plaintiff's cellular telephone on May 7, 2012 at 4:21 P.M., and at such time, left the following voicemail message:

> Yes this is Mr. Fuller. We have this as a contact number regarding a matter in our office. If you would please contact this office as soon as possible; it's extremely important. Our number here is 888-362-2684. Again, number here is 888-362-2684. It's very important that we receive a call today. Do appreciate your cooperation.

64. In its May 7, 2012 voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

65. The May 7, 2012 communication was Defendant's initial communication with Plaintiff.

66. In connection with the collection of an alleged debt in default, Defendant's agent and/or employee "Mr. Shall" placed a call to Plaintiff's cellular telephone on May 22, 2012 at 11:05 A.M., and at such time, left the following voicemail message:

> Yes this is Mr. Shall. We have this as a contact number regarding a matter in our office. If you would please contact this number as soon as possible. It is extremely important. Our number here is 888-362-2684. Again our number is 888-362-2684. It is very important that we receive a return call as soon as possible. I appreciate your cooperation.

67. In its May 22, 2012 voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

68. Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose in its initial communication with Plaintiff that Defendant is a debt collector attempting to collect a debt and that any information obtained will be used for that purpose.

69. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each subsequent communication that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

      f)    Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF 15 U.S.C. § 1692g(a)

70. Defendant's initial communication with Plaintiff was its May 7, 2012 voice message.

71. Defendant's May 7, 2012 communication did not provide the disclosures under 15 U.S.C. § 1692g(a).

72. Plaintiff returned Defendant's call on May 7, 2012 at 5:23 P.M., and spoke with Plaintiff regarding collection of an alleged debt.

73. During the May 7, 2012 conversation, Plaintiff stated that she has never received anything from Defendant, and asked Defendant to send paperwork regarding the debt.

74. Defendant's agent and/or employee responded substantially as follows: "No, I'm not. We've already sent two."

75. At no time did Defendant's agent and/or employee verify whether Defendant had Plaintiff's proper address.

76. Despite Plaintiff's requests for Defendant to send Plaintiff something in writing regarding the debt, Plaintiff has never received any written communication from Defendant.

77. Defendant failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a), either in its initial communication with Plaintiff on May 7, 2012, or in writing within five (5) days thereafter.

78. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a), either in the initial communication with Plaintiff, or in writing within 5 days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF SECTION 559.72(9) OF THE FCCPA

79. In response to Defendant's May 7, 2012 voice message, Plaintiff returned Defendant's call on May 7, 2012 at 5:23 P.M., and during the conversation, Defendant's agent and/or employee told Plaintiff substantially as follows: "We are handling a breach of contract for an installment for Bank of Delaware for Think Cash."

80. During the May 7, 2012 conversation, Defendant's agent and/or employee further stated substantially as follows: "I am trying to give you a chance to make payment arrangements before your wages are garnished or a lien placed on your car or personal property, or lien placed on your taxes because Florida is a garnishment state."

81. Upon information and good-faith belief, Defendant had not obtained a judgment against Plaintiff or otherwise initiated, or planned to initiate, legal proceedings against Plaintiff at the time it made the above-mentioned statements.

82. Upon information and good-faith belief, Defendant has not, as of the date of the filing of the instant complaint, filed a lawsuit against Plaintiff or otherwise initiated legal proceedings against Plaintiff regarding the alleged debt.

83. Therefore, Defendant threatened actions in its May 7, 2012 communication with Plaintiff that Defendant could not legally take or did not intend to take at the time the threats were made, including but not limited to garnishing Plaintiff's wages and the placement of liens against Plaintiff's property.

84. Defendant violated Fla. Stat. § 559.72(9) by asserting the existence of a legal right when such person knows that the right does not exist, including by implying that legal action had been initiated against Plaintiff to collect the alleged debt, or that Defendant was entitled to garnish Plaintiff's wages and place liens against Plaintiff's property, when upon information and good-faith belief, Defendant had not obtained a judgment against Plaintiff or otherwise initiated legal proceedings against Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated Fla. Stat. § 559.72(9);
b) Awarding Plaintiff statutory damages, pursuant to the FCCPA, in the amount of $1,000.00;
c) Awarding Plaintiff actual damages, pursuant to the FCCPA;
d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;
e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;
f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
## VIOLATION OF SECTION 559.72(12) OF THE FCCPA

85. In response to Defendant's May 7, 2012 voice message, Plaintiff returned Defendant's call on May 7, 2012 at 5:23 P.M., and during the conversation, Defendant's agent

and/or employee told Plaintiff substantially as follows: "We are handling a breach of contract for an installment for Bank of Delaware for Think Cash."

86. During the May 7, 2012 conversation, Defendant's agent and/or employee further stated substantially as follows: "I am trying to give you a chance to make payment arrangements before your wages are garnished or a lien placed on your car or personal property, or lien placed on your taxes because Florida is a garnishment state."

87. Upon information and good-faith belief, Defendant had not filed a lawsuit against Plaintiff or otherwise initiated legal proceedings against Plaintiff regarding the alleged debt at the time the above-described statements were made.

88. The actions threatened are distinctly legal in nature, such that would require the meaningful involvement of an attorney to consider or undertake.

89. By making the statements described above, Defendant misrepresented that an attorney had reviewed Plaintiff's file and made a legal judgment or decision on a planned course of action, and otherwise misrepresented the level of attorney involvement in the collections process.

90. Defendant violated Fla. Stat. § 559.72(12) by orally communicating with Plaintiff in a manner that gives the false impression or appearance that such person is or is associated with an attorney, including by implying that legal action had been initiated against Plaintiff to collect the alleged debt, or that Defendant was entitled to garnish Plaintiff's wages.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated Fla. Stat. § 559.72(12);

    b) Awarding Plaintiff statutory damages, pursuant to the FCCPA, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to the FCCPA;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

91. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 31st day of August, 2012.

**NEDRA WILLIAMS**

By: /s/Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com